CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUL 2 2 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| JAMIL A. RASHAD, | ) |
| | ) |
| Petitioner, | ) Case No. 7:09CV00512 |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| | ) |
| DIRECTOR, DEP'T OF | ) **By: Glen E. Conrad** |
| CORRECTIONS, | ) **Chief United States District Judge** |
| | ) |
| Respondent. | |

Petitioner Jamil A. Rashad, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Rashad challenges the validity of his confinement pursuant to the September 16, 2005 judgment of the Circuit Court for the City of Lynchburg under which he stands convicted of robbery, statutory burglary, and related charges. Respondent filed a motion to dismiss, and Rashad responded, making the matter ripe for decision. Upon review of the record, the court finds that the motion to dismiss must be granted.

## I. Background

Rashad was arrested January 1, 2004 and charged with certain offenses arising from a robbery at the Radisson Hotel in Lynchburg, Virginia. The Commonwealth moved for, and was granted, an order of nolle prosequi as to the first and second indictments issued against Rashad. After the third indictment issued on February 7, 2005, Rashad pleaded not guilty and was tried before a jury on June 27 and 28, 2005. At the close of the evidence, the judge struck certain counts. Jurors found Rashad guilty of the following offenses: two counts of robbery, statutory

burglary, three counts of use of a firearm in the commission of a felony, and wearing a mask in public. On September 16, 2005, the Court sentenced Rashad to two terms of life imprisonment, plus 38 years, as recommended by the jury. (Case Nos. CR05016433-02, 04, -06, -07, -08, -09, and -10.)

Rashad appealed his convictions. (Record No. 2536-05-3.) On appeal, he asserted that (1) a letter from the Commonwealth's Attorney to defense counsel was not proper notice pursuant to Va. Code Ann. §19.2-297.1; (2) his conviction for robbery from the hotel security guard was not supported by the evidence, since the clerk did not own any of the property taken; (3) his statements to law enforcement were inadmissible, because he had previously made an unequivocal request for counsel; and (4) he could not be convicted of use of a firearm in the commission of statutory burglary as a matter of law. By order of December 29, 2006, the Court of Appeals of Virginia awarded Rashad a limited appeal on the issues of the admissibility of his statements and the use of a firearm in the commission of statutory burglary, but denied relief on his other claims. Ultimately, on October 23, 2007, the Court of Appeals affirmed Rashad's convictions. See Rashad v. Commonwealth, 651 S.E.2d 407 (Va. App. 2007). Rashad's subsequent appeal to the Supreme Court of Virginia was summarily refused by order of February 19, 2008. (Record No. 072401.)

In January 2009, Rashad filed a petition for a writ of habeas corpus in the Circuit Court for the City of Lynchburg. (Record No. CL09003311.) His initial petition asserted the following claims for relief:

a.     Petitioner was denied his Sixth Amendment right to the effective
       assistance of counsel;

b.      Petitioner's right to a speedy trial was violated;

c.      Counsel was ineffective in failing to argue that petitioner's Sixth Amendment right to a speedy trial was violated;

d.      Counsel was ineffective in failing to argue that law enforcement officers had no probable cause to stop petitioner's vehicle;

e.      Counsel failed to defend against the firearm charge by establishing whether the firearm was real or a toy; and

f.      Counsel allowed the government to present a jacket to the jury without establishing proof of ownership of the jacket.

On March 3, 2009, Rashad moved for leave of court to amend his petition and asserted six additional or supplemental claims.[1] By final order entered May 11, 2009, the Circuit Court denied relief on Rashad's habeas claims, by dismissing Claims (a) through (f) on the merits and by denying leave to amend on the ground that Claims (g) through (l) were not timely asserted in accordance with Va. Code § 8.01-654(A)(2). The Supreme Court of Virginia refused Rashad's

---

[1] Rashad sought to add the following claims to his state petition:

g.      Counsel was ineffective in failing to assert petitioner's right to a speedy trial under Va. Code § 19.2-243, even though petitioner asked him to do so;

h.      Counsel was ineffective in failing to object to petitioner being tried and punished twice for the same offense;

i.      The trial court did not have jurisdiction to sentence petitioner to a term of twenty years on Count 10 of the indictment;

j.      Counsel was ineffective at trial and on appeal with regard to the notification requirement of Va. Code § 19.2-297.1;

k.      Counsel was ineffective (1) by failing to object to the jury being instructed on the elements of Va. Code § 18.2-90, when Rashad was indicted and tried for violating Va. Code § 18.2-91; and (2) by failing to move for dismissal of Count 10 on the ground that the Commonwealth failed to establish that petitioner entered the hotel with the "intent to commit larceny or assault and battery"; and

l.      Counsel was ineffective (1) by failing to present a defense that was "readily available"; and (2) by failing to object to a transcript of the police interrogation being entered into evidence in lieu of a video and audio tape of the interrogation.

subsequent petition for appeal by summary order dated November 19, 2009. (Record No. 091600.)

In his federal habeas petition, Rashad alleges the following grounds for relief:

1.    The state court erred in ruling that counsel was not deficient for failing to assert petitioner's Sixth Amendment and statutory rights to a speedy trial;

2.    The state court erred in ruling that counsel was not deficient for failing to challenge the validity of the traffic stop;

3.    The state court erred in ruling that counsel was not deficient for failing to "defend" the firearm charge by establishing whether the weapon was a real gun or toy;

4.    The state court erred in ruling that counsel was not deficient for allowing the Commonwealth to present a jacket to the jury without establishing proof of ownership of the jacket; and

5.    The state court erred in ruling that his motion for leave to amend his state habeas petition to add Claims (g) through (l) was timebarred under Va. Code § 8.01-654(A)(2).

## II. Discussion

### A. Exhaustion and Procedural Default

"A federal court may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Moreover, if the state court has declined to consider one or more of petitioner's claims on the merits on the basis of an adequate and independent state procedural rule, a federal habeas court is barred from review of the claims on the merits, absent a showing of cause for the default and resulting prejudice or miscarriage of justice. See Harris v. Reed, 489 U.S. 255, 262 (1989).

Similarly, if petitioner failed to present a habeas claim to the state court and would now be barred from doing so under an independent and adequate state law ground, his federal version of the habeas claim is barred from review on the merits, absent a showing of cause and actual prejudice, or a showing of actual innocence. Teague v. Lane, 489 U.S. 288, 298 (1989) (holding that non-exhausted claim need not be dismissed as non-exhausted if claim would be defaulted in state court); Bassette v. Thompson, 915 F.2d 932, 935-37 (4th Cir. 1990) (finding that claims not raised previously that would be procedurally barred from review by the Supreme Court of Virginia now are simultaneously exhausted and defaulted).

Respondent argues that Rashad's Claims (1), (2), (3), and (4), alleging ineffective assistance of counsel, are procedurally defaulted, because he did not contest the Circuit Court's denial of habeas relief on these claims under both prongs of the two-part standard set forth in Strickland v. Washington, 466 U.S. 668 (1984). To prove that counsel's representation was so defective as to require that the conviction be vacated, petitioner must show (1) "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation, id. at 687-88, and (2) "a reasonable probability" that but for counsel's unprofessional errors, the result reached by a reasonable and impartial fact finder would have been different. Id. at 694-95.

When Rashad presented his ineffective assistance claims in his state habeas petition, the Circuit Court denied relief on the merits, finding that he had failed to establish the necessary showings for either deficient performance or prejudice under Strickland, supra. In presenting his appeal to the Supreme Court of Virginia, Rashad assigned error to the Circuit Court's finding that counsel's performance was not deficient, and the Supreme Court denied relief in a summary

order. In so doing, Rashad exhausted his state court remedies only as to the performance prong of his ineffective assistance claims and not as to the prejudice prong. Yet, to achieve relief on his ineffective assistance claims in this federal habeas action under Strickland, he must establish exhaustion as to both deficient performance and prejudice. See, e.g., Lawrence v. Branker, 517 F.3d 700, 717 (4th Cir. 2008) ("even if a petitioner is able to show that his counsel's performance fell below an objectively reasonable standard, he has won only half the battle, for he must also show that, absent his counsel's errors, the outcome of the proceeding would have been different").

Rashad would now be barred from raising the prejudice issue in state court, because it is too late to raise that additional issue in the appeal from the denial of his Circuit Court habeas.[2] See Va. Sup. Ct. Rule 5:9(a); Coleman v. Thompson, 501 U.S. 722, 740-44 (1991) (applying federal procedural default where petitioner failed to comply with Virginia's time requirement for noting a habeas appeal). Therefore, absent a showing of cause and prejudice, or actual innocence, federal habeas review of Rashad's ineffective assistance claims is procedurally barred. Bassette, 915 F.2d at 935-37. Rashad makes no showing as to why he failed to present both portions of his Strickland claims to the Supreme Court of Virginia and makes no viable claim of actual innocence. Accordingly, Claims (1), (2), (3), and (4), are procedurally barred and must be dismissed.

---

[2] If he attempted to raise the ineffective assistance claims in their entirety in a new state habeas petition to the Supreme Court of Virginia, review on the merits would be procedurally barred under the state's rule against successive habeas petitions. See Va. Code § 8.01-654(B)(2).

## B. No Merit under § 2254(d)

In any event, even if Rashad could demonstrate cause and prejudice to excuse his

procedural defaults, he would not be entitled to <u>habeas</u> relief because the Circuit Court's rulings

on his ineffective assistance claims were not unreasonable. <u>See</u> 28 U.S.C. § 2254(d).

To the extent that the Virginia courts adjudicated Rashad's claims on the merits, this

court is bound to follow the deferential standard set forth in 28 U.S.C. § 2254 as amended by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). This section reads:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable
> application of, clearly established Federal law, as determined by the Supreme
> Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the
> facts in light of the evidence presented in the State court proceeding.

§ 2254(d). A state court adjudication is "contrary to" clearly established federal law if the state

court "applies a rule that contradicts the governing law set forth in [the United States Supreme

Court's] cases" or "confronts a set of facts that are materially indistinguishable from a decision

of the Court and nevertheless arrives at a result different from [its] precedent." <u>Williams v.</u>

<u>Taylor</u>, 529 U.S. 362, 405-06 (2000). "Where, as here, it is the state court's application of

governing federal law that is challenged, the decision must be shown to be not only erroneous,

but objectively unreasonable." <u>Waddington v. Sarausad</u>, __U.S.__, 129 S. Ct. 823, 831 (2009)

(internal quotations and citations omitted). When a state appellate court dismisses an appeal with

a summary order, the federal habeas court examines the last reasoned decision by a state court on

the merits of the claim. See Ylst v. Nunnemaker, 501 U.S. 797, 801-02 (1991). The federal reviewing court must also presume the state courts' determination of a factual issue to be correct, absent a showing of clear and convincing evidence to the contrary. § 2254(e)(1).

### 1. Speedy Trial Rights

In Claim (1) of his federal petition, as in claim (c) of his state habeas petition, Rashad argues that counsel was ineffective in failing to assert his right to a speedy trial under federal constitutional law and state law. The Circuit Court found both portions of the claim to be without merit. The Court dismissed the constitutional speedy trial claim under Reed v. Farley, 512 U.S. 339, 353 (1994), because Rashad had "not demonstrated (or, indeed, even asserted) any *actual impairment* to his defense arising from the delay in bringing his case to trial." (emphasis in original). (Dkt. No. 16, Exh. H at 7-8.) Prejudice is an essential element of a claim asserting that delay of trial violated the Sixth Amendment. Id. Counsel cannot be found deficient for failing to file a motion that had no legal or factual basis. See Moody v. Polk, 403 F.3d 141, 151 (4th Cir. 2005) (finding counsel not required to file frivolous motions). Thus, the Court found that Rashad had not met his burden to show either deficient performance or prejudice under Strickland.

Rashad's federal claim also fails to demonstrate any factual basis on which counsel could have argued that the delay of the trial adversely affected Rashad's ability to present his defense. Accordingly, the court concludes, pursuant to § 2254(d), that the state courts' disposition of this claim was not contrary to, or an unreasonable application of, established federal law, or based on an unreasonable determination of facts, and accordingly, petitioner is not entitled to federal habeas relief as to this claim.

The state <u>habeas</u> court also denied relief on Rashad's claim that counsel was ineffective for failing to make a statutory speedy trial objection. First, the Court found that when the Commonwealth moved for an order of nolle prosequi on December 7, 2004, Rashad's counsel objected, because it was the Commonwealth's second such motion.[3] The trial court overruled the objection, however, based on Rashad's statement earlier in the same hearing that he was not ready for trial. Second, the <u>habeas</u> court found from the facts that all later delays of Rashad's trial did not result in a trial date outside the time period mandated by the state speedy trial law.

This court must presume that the state court's factual findings regarding the application of the state statute are correct, absent a showing of clear and convincing evidence to the contrary. § 2254(e)(1). As Rashad fails to make such a showing, he also fails to demonstrate either deficient performance or resulting prejudice as required under <u>Strickland</u>. The court concludes, pursuant to § 2254(d), that the state courts' disposition of this claim was not contrary to, nor an

---

[3] The grand jury indicted Rashad three different times for the robberies and related offenses. The first indictment charged him with only five offenses and was set for trial in late August 2004. Shortly before trial, the Commonwealth offered a plea bargain by which Rashad could plead guilty to only one robbery and two abductions in exchange for dismissal of a second robbery charge and a firearm charge and the Commonwealth's agreement not to pursue a mandatory life sentence under the three-strikes law. (Dkt. No. 1 at pp. 27-31.) The prosecutor told Rashad's counsel by letter that he would be out of town for a week just before trial, but that a colleague of his would negotiate with Rashad regarding the plea bargain. Rashad's counsel advised him that the plea agreement would be to his benefit, but Rashad rejected the deal. The Commonwealth thereafter moved to continue the trial date so that the original prosecutor could respond to pretrial defense motions filed in his absence, and the motion was granted without defense objection.

In his state <u>habeas</u> petition, as here, Rashad alleges that counsel should have objected to the continuance of the August 2004 trial date. The state <u>habeas</u> court does not address this portion of the state <u>habeas</u> claim (c). This court concludes, however, that the claim has no merit. Rashad fails to demonstrate any reasonable probability that but for counsel's failure to object, the continuance would not have been granted or the outcome at trial or sentencing would have been different. Accordingly, he has not demonstrated prejudice under <u>Strickland</u>, and his claim fails to state any ground for relief under § 2254.

unreasonable application of, established federal law, or based on an unreasonable determination of facts, and accordingly, petitioner is not entitled to federal habeas relief as to this claim.

## 2. No Traffic Stop

In Claim (2), as in state habeas claim (d), Rashad alleges that counsel should have challenged the validity of the "traffic stop" and, during the preliminary hearing, should have cross-examined the police officer who followed Rashad's vehicle concerning the information he had about the robbery suspect. The Circuit Court addressed this claim in some detail and denied relief under both prongs of Strickland. The officer testified that when he turned around to follow Rashad's vehicle, he did so because it was the only other car on the road at 3:14 a.m., it was occupied by one person, and it was coming from the direction of the Radisson Hotel, which had reportedly been robbed by an individual perpetrator only moments earlier. The officer did not activate his siren or flashing lights, but as soon as he turned around, Rashad accelerated and the officer gave chase. Rashad crashed his car into a dirt embankment and fled, leaving his boots and a bag of money near the car. Officers later found him, hiding under a tractor trailer truck. Based on the officer's testimony about how little he knew of the robbery suspect when he turned around to follow Rashad, the Court found that counsel was not deficient in failing to question the officer further on that topic. The Court also found that there was no traffic stop for counsel to challenge under the Fourth Amendment, and that officers had reasonable suspicion, based on Rashad's behavior, when they found him under the truck and apprehended him.

This court cannot find that the state court's rulings were unreasonable. An attorney cannot be held deficient for failing to ask questions that would merely provide cumulative information or for failing to challenge the validity of a traffic stop that did not happen. See

-10-

Moody, 403 F.3d at 151. Rashad's counsel had no legal grounds on which to challenge the validity of his arrest or the seizure of evidence from the scene of the crash. While unprovoked flight from law enforcement is not "necessarily indicative of wrongdoing, . . . it is certainly suggestive of such," giving officers sufficient grounds for reasonable suspicion that the fleeing individual has been involved in criminal activity so as to justify stopping him for questioning. See Illinois v. Wardlow, 528 U.S. 119, 124 (2000). Moreover, because a simple "show of authority" by law enforcement that causes an individual to flee does not constitute a Fourth Amendment seizure, evidence abandoned during such flight need not be suppressed. California v. Hodari D., 499 U.S. 621, 626-29 (1991). Under these principles, Rashad fails to demonstrate that counsel's performance was deficient or prejudicial under Strickland. Because the state court's holdings are not contrary to, or an unreasonable application of, established federal law, or based on an unreasonable determination of facts, Rashad is not entitled to relief on Claim (2), pursuant to § 2254(d).

### 3. Real Gun or Toy?

Rashad alleges in Claim (3), as in state habeas claim (e), that in defending against the firearms charges, counsel failed to establish whether or not Rashad had an actual firearm during the robbery. The state habeas court found no merit to the claim, based on Virginia precedent holding that affirmative statements from the defendant indicating that he has a firearm are sufficient to sustain a conviction under Va. Code § 18.2-53.1 (use or display of firearm in committing felony). See Powell v. Commonwealth, 602 S.E.2d 119 (Va. 2004). The Court noted the testimony of both victims—that the robber repeatedly told them, "Don't make me shoot

you" and said he did not want to shoot them—as sufficient evidence on which the jurors could have found that Rashad used a firearm in committing the robberies and burglary.

Rashad confessed to the robberies, but denied using a firearm, and the Commonwealth's evidence was that no gun was found. Nevertheless, as the state court noted, resolving such conflicts in the evidence is the province of the jury, and under Virginia law, the testimony from the victims about Rashad's statements during the robbery provides sufficient evidence on which jurors could reasonably have concluded that Rashad had a gun. Moreover, Rashad offers no additional evidence or argument that counsel could have offered to establish that Rashad had no gun. As Rashad thus fails to demonstrate that counsel's performance was deficient or prejudicial, his claim fails under both prongs of <u>Strickland</u>. Because the state court's holding was not contrary to, or an unreasonable application of, established federal law, or based on an unreasonable determination of facts, pursuant to § 2254(d), Rashad is not entitled to relief on Claim (3).

### 4. The Jacket

Rashad alleges in Claim (4), as he did in state <u>habeas</u> claim (f), that counsel should have objected to admission into evidence of a jacket that police offered as an item found between Rashad's abandoned car and the tractor trailer where they located Rashad himself. The jacket was not identified as having belonged to Rashad. Petitioner asserts that counsel should have argued for exclusion of the jacket because Rashad denied owning it, and the Commonwealth never ran DNA tests to prove its ownership. The state <u>habeas</u> court denied relief on this claim under both prongs of <u>Strickland</u>, noting that because the jacket was merely offered as circumstantial evidence, the Commonwealth was not required to prove its ownership to support

its admission. The court agrees that this claim has no merit. Ample evidence tied Rashad to the

crash scene where the money bags were found, and he admitted to the robberies. Thus, failure to

object to the jacket's admission was neither deficient performance nor prejudicial to Rashad's

defense. Because the state court's holding was not contrary to, or an unreasonable application of,

established federal law, or based on an unreasonable determination of facts, Rashad is not

entitled to relief on Claim (4), pursuant to § 2254(d).

### C. No Relief for State Post Conviction Errors

In Claim (5), Rashad asserts that the state courts erred in finding that his motion to amend

and his proposed additional grounds for relief were time-barred by Virginia's statute of

limitations for habeas claims, Va. Code § 8.01-654(A)(2). Respondent also argues that this claim

must be dismissed because errors in state post-conviction proceedings are not cognizable as

grounds for federal habeas relief. The habeas corpus remedy is authorized as a means to

challenge the validity of petitioner's custody. Lawrence, 517 F.3d at 717. Because "[a] state

prisoner has no federal constitutional right to post-conviction proceedings in state court,"

allegations that the state court committed errors during such proceedings do not challenge

petitioner's detention itself and so do not state grounds reviewable under § 2254.[4] Id. As Claim

---

[4] Respondent argues, alternatively, that because Claim (5) alleges nothing more than an error in the application of a state statute, Va. Code § 8.01-654(A)(2), it does not present a claim that petitioner is confined in violation of the federal constitution or federal law as required for federal habeas relief. See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Wright v. Angelone, 151 F.3d 151, 158 (4th Cir. 1998) ("Matters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas relief."). In any event, the application of § 8.01-654(A)(2) appears to be correct. Rashad filed his amendment to the Circuit Court habeas petition on March 3, 2009, which was more than two years after the date of final judgment in the trial court on September 16, 2005, and more than one year after the final disposition of his direct appeal in state court on February 19, 2008. Section 8.01-654(A)(2) does not provide a mechanism for a late amendment to "relate back" to timely filed claims.

(5) raises only a challenge to the state court's actions during post-conviction proceedings, it states no ground for relief under § 2254 and must be dismissed.

### III. Conclusion

For the stated reasons, the court concludes that Claims (1), (2), (3), and (4) are procedurally barred and without merit, and Claim (5) is not cognizable as a ground for relief under § 2254. Accordingly, respondent's motion to dismiss must be granted. An appropriate order will issue this day.

Petitioner is advised that he may appeal this decision, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, if a judge of the United States Court of Appeals for the Fourth Circuit or this court issues a certificate of appealability, pursuant to 28 U.S.C. § 2253(c). A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. § 2253(c)(1). Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, this court declines to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 537 U.S. 322 (2003); Slack v. McDaniel, 529 U.S. 473 (2000). If petitioner intends to appeal and seek a certificate of appealability from the United States Court of Appeals for the Fourth Circuit, his first step is to file a notice of appeal with this court within 30 days of the date of entry of this memorandum opinion and the accompanying order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

ENTER: This __22d__ day of July, 2010.

_Glen Conrad_

_____

Chief United States District Judge